IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, Inmate # 191378, | : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | 1:11-CV-1825-TWT-GGB |
| BRIAN OWENS, Commissioner, et al., Defendants. | : : | |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff has submitted the instant civil action without submitting the $350.00 filing fee, and I find that he is not entitled to proceed in forma pauperis. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records reflect that Plaintiff has filed at least three actions while a prisoner that were dismissed as frivolous or for failure to state a claim. See Miller v. All Georgia Judges, Case No. 1:05-CV-428-JOF (N.D. Ga. 2005); Miller v. Coursey,

Case No. 1:99-CV-55-DHB (S.D. Ga. 1999); and Miller v. Harvey, 1:98-CV-97-DHB (S.D. Ga. 1998).

Furthermore, Plaintiff's allegations in his complaint do not show that he is "under imminent danger of serious physical injury." Plaintiff contends that he is a paraplegic, and that he was transferred from Augusta State Medical Prison to Georgia State Prison, a "non-medical facility," in retaliation for filing grievances related to his disability. Plaintiff lists several medical needs that he alleges cannot be met at Georgia State Prison. [Doc. 1 at 4]. Plaintiff also contends that he has been placed in segregation and isolation as punishment for charges that were later dismissed. [Id. at 3]. However, Plaintiff's conclusory allegations are insufficient to show that he is in danger of serious physical injury. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (holding vague and unsupported allegations did not permit a finding of imminent danger); Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999) (holding prisoner's allegation that he faced imminent danger sometime in the past was an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception).

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to

2

proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Based on the foregoing, **I RECOMMEND** that leave for Plaintiff to proceed <u>in forma pauperis</u> be **DENIED** and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this <u>15th</u> day of <u>  June  </u>, 2011.

*[signature: Gerrilyn G. Brill]*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)